UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE WELLS HAUG,<br><br>Defendant. | Criminal No. 17-9 (JRT/KMM)<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Charles J. Kovats, Jr. and Kimberly A. Svendsen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Jesse Wells Haug, BOP Reg. No. 20974-041, FPC Duluth, P.O. Box 100, Duluth, MN 55814, *pro se*.

Defendant Jesse W. Haug is currently serving a 49-month sentence for wire fraud. Haug asks the Court to reduce his sentence and grant him compassionate release or convert the remainder of his sentence to home confinement because of the ongoing COVID-19 pandemic. Because Haug has not established extraordinary and compelling reasons warranting a sentence reduction, the Court will deny Haug's Motion for Compassionate Release.

BACKGROUND

Haug is currently incarcerated with the Bureau of Prisons ("BOP") at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth"). *Inmate Locator*, Fed. Bureau of

Prisons, https://www.bop.gov/inmateloc (last visited Sept. 25, 2020).  In June 2018, Haug pleaded guilty to wire fraud.  (Plea Agreement, June 4, 2018, Docket No. 102.)  On October 30, 2018, Haug was sentenced to a 49-month term of imprisonment.  (Sentencing J. at 2, Oct. 30, 2018, Docket No. 122.)  Haug's current projected release date is March 18, 2021. *Inmate Locator*.  His current projected home detention eligibility date is October 21, 2020. (Mot. for Compassionate Release at 3, May 22, 2020, Docket No. 124.)

Haug does not claim to suffer from any underlying health conditions.  He does state that he has been unable to see his daughter since December 2019, (Pro Se Letter at 2, June 5, 2020, Docket No. 126), and that he has a fear of dying from the virus, (1st Pro Se Declaration ¶ 4, June 5, 2020, Docket No. 127.)  As of October 14, 2020, there are four active cases of COVID-19 at FPC Duluth.  *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 14, 2020).

On May 26, 2020, Haug filed this Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he does not pose a risk to the community and that home confinement would allow him to take care of his family.  (Mot. for Compassionate Release at 5).  The United States opposes the Motion.  (Mem. Opp., June 11, 2020, Docket No. 128.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194,

5239 (2018). It allows defendants, in addition to the BOP, to move for compassionate release. *Id.* (codified at 18 U.S.C. § 3582(c)(1)(A)). A defendant may only bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] 18 U.S.C. § 3582(c)(1)(A).

Once remedies are exhausted, the Court may reduce the defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission notes that extraordinary and compelling reasons may include an illness or condition that substantially diminishes the ability of a defendant to provide self-care, the death or incapacitation of the caregiver of the defendant's minor children, or when the defendant is at least 65 years of age and is experiencing a serious deterioration in health. *See* U.S.S.G. § 1B1.13 cmt. n.1. Additionally, the Sentencing

---

[1] Haug and the United States dispute whether he exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Haug asserts that he delivered a request for compassionate release to the warden on April 20, 2020, then sent an electronic request to both the warden and the associate warden on May 10, 2020. (2nd Pro Se Declaration ¶¶ 1–2, June 25, 2020, Docket No. 136.) He further asserts that he did not receive a response to either request within 30 days. (*Id.* ¶ 3.) The United States avers that the BOP has no record of any such requests. (Mem. Opp. at 8–9.) The Court finds Haug's statements to be sufficient to reach the merits.

Commission notes that rehabilitation, by itself, is not an extraordinary and compelling reason for such a reduction. *Id.* cmt. n.3.

The Court finds that Haug has not shown that extraordinary and compelling reasons warrant a reduction to his sentence. Haug has neither demonstrated a deteriorating medical condition, nor one that substantially diminishes his ability to provide self-care. Further, while the Court is sympathetic to the fact that Haug has been unable to visit with his young daughter, her caregiver has not become incapacitated. Haug has taken laudable steps towards rehabilitation, but this is not enough by itself. Accordingly, the Court will deny Haug's Motion for Compassionate Release. The Court expects that Haug will qualify soon for home detention under BOP rules.

## ORDER

Based on the foregoing and on all the files, records, and proceedings herein, Defendant's Motion for Compassionate Release [Docket No. 124] is **DENIED.**

DATED: October 16, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court